IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PULMONETIC SYSTEMS, INC.,

Plaintiff,

v.

VERSAMED MEDICAL SYSTEMS, INC.

Defendant.

C.A. No. 06-564 (JJF)

REDACTED

**DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING ARBITRATION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for defendant Versamed Medical Systems, Inc.

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

February 5, 2007

TABLE OF CONTENTS

Page

TABLE OF CITATIONS ........................................ ii

NATURE AND STAGE OF PROCEEDINGS ........................................ 1

SUMMARY OF ARGUMENT ........................................ 1

STATEMENT OF FACTS ........................................ 2

ARGUMENT ........................................ 3

A. THE DELAWARE UNIFORM ARBITRATION ACT GOVERNS THE DISPUTE ........................................ 3

B. IN THE ALTERNATIVE OR CONCURRENTLY, THE FEDERAL ARBITRATION ACT GOVERNS THE DISPUTE ........................................ 4

C. PLAINTIFF'S PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED BECAUSE

**REDACTED** ........................................ 7

D. ALTERNATIVELY, THE COURT SHOULD STAY THIS ACTION PENDING ARBITRATION ........................................ 9

CONCLUSION ........................................ 10

TABLE OF CITATIONS

Cases

*All Pro Maids, Inc. v. Layton*, 2004 Del. Ch. LEXIS 116 (Del. Ch. Aug. 9, 2004) .......... 7

*Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995) .......... 5

*AppForge, Inc. v. Extended Sys., Inc.*, No. 04-704, 2005 U.S. Dist. LEXIS 5039 (D. Del. Mar. 28, 2005) .......... 7

*AT&T Tech., Inc. v. Commc'n Workers of America*, 475 U.S. 643 (1986) .......... 6

*Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH*, 585 F.2d 39 (3d Cir. 1978) .......... 6

*Capital Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188 (7th Cir. 1993) .......... 3

*Corpman v. Prudential-Bache Securities, Inc.*, 907 F.2d 29 (3d Cir. 1990) .......... 9

*Digene Corp. v. Ventana Med. Sys., Inc.*, 316 F. Supp. 2d 174 (D. Del. 2004) .......... 6, 9

*Evans v. Hudson Coal Co.*, 165 F.2d 970 (3d Cir. 1948) .......... 2, 3

*Falcon Steel Co. v. Weber Eng'g Co.*, 517 A.2d 281 (Del. Ch. 1986) .......... 4

*Green Tree Fin. Corp. – Alabama v. Randolph*, 531 U.S. 79 (2000) .......... 8

*John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132 (3d Cir. 1998) .......... 6

*Medtronic AVE Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44 (3d Cir. 2001) .......... 8

*Medtronic AVE Inc. v. Cordis Corp.*, 367 F.3d 147 (3d Cir. 2004) .......... 7

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985) .......... 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) .......... 5, 6

*Pelegrin v. United States Filter Corp.*, No. 97-390, 1998 U.S. Dist LEXIS 5332 (D. Del. Mar. 31, 1998) .......... 8

*Pettinaro Constr. Co. v. Harry C. Partridge, Jr., & Sons*, 408 A.2d 957 (Del. Ch. 1979) .......... 4

*Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366 (Fed. Cir. 2006) .......... 9

*Salzman v. Canaan Capital Partners, L.P.*, 1996 Del. Ch. LEXIS 88 (Del. Ch. July 23, 1996) .......... 9

*Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175 (3d Cir. 1998) .......... 8

*Smith v. Equitable*, 209 F.3d 268 (3d Cir. 2000) .......... 8

*Thornburg v. PAK 2000, Inc.*, No. 03-824, 2004 U.S. Dist. LEXIS 1544 (D. Del. Feb. 2, 2004) .......... 6

*Yuen v. Gemstar-TV Guide Int'l, Inc.*, 2004 Del. Ch. LEXIS 96 (Del. Ch. June 30, 2004) .......... 8

<u>Statutes</u>

10 Del. C. §5701-5725 (2006) .......... 1, 3, 4

9 U.S.C. §§2-4 (1999) .......... 2, 5

NATURE AND STAGE OF PROCEEDINGS

Plaintiff Pulmonetic Systems, Inc. ("Plaintiff" or "Pulmonetic") filed this action on September 12, 2006, accusing Defendant Versamed Medical Systems, Inc. ("Versamed") of infringement of its U.S. Patent No. 6,102,038 (the "'038 patent"). That infringement claim, however, is precluded by

**REDACTED**

Versamed has moved to dismiss the Complaint because

**REDACTED**

SUMMARY OF ARGUMENT

**REDACTED**

As a result, this Court lacks jurisdiction to hear the matter.

The Delaware Uniform Arbitration Act, 10 *Del. C.* § 5701-5725 (2006) ("DUAA"), governs arbitration clauses that are subject to Delaware law and provides that written agreements to submit to arbitration any controversy existing at or arising after the

effective date of the agreement are valid, enforceable and irrevocable.

**REDACTED**

In the alternative, both the DUAA and FAA require that the Court stay this action because

**REDACTED**

STATEMENT OF FACTS

Pulmonetic and Versamed both conduct business in the field of respiratory care equipment, including ventilators and accessories. Versamed is engaged in interstate commerce through, among other things, the purchase, sale and shipment of respiratory related equipment (Korten Aff. ¶2).

On June 8, 2004, Pulmonetic filed an action against Versamed and Versamed, Inc. in the United States District Court for the District of Minnesota, styled *Pulmonetic Systems, Inc. v. VersaMed, Inc. et al.*, Case No. 04-02918, alleging infringement of the '038 patent (the "2004 Minnesota litigation"). The parties settled the 2004 Minnesota litigation, which was dismissed by Order dated March 18, 2005 (Korten Aff. ¶3).

As part of the resolution of the 2004 Minnesota litigation,

**REDACTED**

[1]

---

[1] In deciding a motion to dismiss based on subject matter jurisdiction, this Court may consider the facts presented in exhibits attached to the motion to dismiss. *Evans v. Hudson Coal Co.*, 165 F.2d 970, 971-72 (3d Cir. 1948) (examining contracts not alleged in complaint on a motion to stay pending arbitration). The (continued . . .)

REDACTED

## ARGUMENT

### A. THE DELAWARE UNIFORM ARBITRATION ACT GOVERNS THIS DISPUTE

The policy of the DUAA, 10 *Del. C.* §5701-5725 (2006), is to enforce agreements to arbitrate. Issues of arbitrability may be submitted to an arbitrator. *See*

---

(. . . continued)
Court can consider these exhibits because, as the Third Circuit has held, in the presence of an agreement to arbitrate, the district court is "pending arbitration, deprived of jurisdiction of the subject matter." *Evans*, 165 F.2d at 972; *see also Capital Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (holding that the court may look beyond allegations in the complaint in deciding whether jurisdiction exists).

*Pettinaro Constr. Co. v. Harry C. Partridge, Jr., & Sons*, 408 A.2d 957 (Del. Ch. 1979). Moreover, the DUAA provides that if the arbitration agreement fails to provide a method of appointment of arbitrators, a Court on complaint or on application of a party in an existing case shall appoint one or more arbitrators. 10 *Del. C.* § 5704.

Delaware law also provides where the contract contains no language or provision that makes giving the required notice of a claim a condition precedent to its arbitrability, that omission, together with the all-inclusive nature of the arbitration clause, compels the conclusion that the parties intended that the notice requirement would operate as a condition precedent to recovery upon a claim, not as a condition precedent to arbitrability. *Falcon Steel Co. v. Weber Eng'g Co.*, 517 A.2d 281, 287 (Del. Ch. 1986). Versamed has provided written notice of its intent to arbitrate to Plaintiff in accordance with 10 *Del. C.* § 5703.

## B. IN THE ALTERNATIVE OR CONCURRENTLY, THE FEDERAL ARBITRATION ACT GOVERNS THIS DISPUTE

The FAA also may govern this dispute. It requires that the parties resolve any claims arising out of the 2005 Settlement Agreement through arbitration. In pertinent part, the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant of the stay is not in default with such arbitration.

9 U.S.C. §3 (emphasis supplied).

Under FAA Sections 3 and 4, motions to compel arbitration and to stay or dismiss pending litigation are to be summarily granted. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) ("The [FAA] provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4. Both of these sections call for an expeditious and summary hearing, with only restricted inquiry into factual issues."). In particular, a motion to dismiss or stay proceedings and compel arbitration under the FAA should be granted where interstate commerce is involved, there is a written agreement to arbitrate, and the scope of the arbitration agreement encompasses the claims at issue. *See* 9 U.S.C. §§2-4. As explained below, each of the requirements for arbitration are met here.

In determining whether a dispute is governed by the FAA, the Court must consider three factors. First, the arbitration clause at issue must constitute a "written provision in ... a contract evidencing a transaction involving [interstate] commerce" within the meaning of Section 2 of the FAA, 9 U.S.C. § 2. Such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.*; *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995) (holding that an arbitration agreement falls under the FAA if it is executed in connection with a transaction that involves interstate commerce in any way, "even if the parties did not contemplate an interstate commerce connection"). As such, "'[n]othing short of a showing of fraud, duress, mistake or some other compelling ground to invalidate a contract will permit a court to preclude the enforceability of an agreement

to arbitrate." *Thornburg v. PAK 2000, Inc.*, No. 03-824, 2004 U.S. Dist. LEXIS 1544, at *3-4 (D. Del. Feb. 2, 2004) (Farnan, J.).

Second, the Court must determine whether the parties seeking or resisting arbitration entered into a valid arbitration agreement. *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132 (3d Cir. 1998).

Third, once it is established that the FAA applies, the Court must determine whether the dispute between the parties falls within the language of the arbitration agreement. *John Hancock*, 151 F.3d 132. In determining whether a particular claim falls within the scope of the arbitration agreement, the focus is on the factual allegations in the complaint rather than the legal causes of action asserted. *Digene Corp. v. Ventana Med. Sys., Inc.*, 316 F. Supp. 2d 174, 185 (D. Del. 2004). Importantly, when interpreting an arbitration agreement, courts must be ever mindful of the Supreme Court's mandate that such agreements are to be construed liberally in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985), *quoting Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Moreover, the existence of an arbitration agreement raises a presumption that a claim is subject to arbitration, which may be overcome ***only*** if

> [i]t may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*AT&T Tech., Inc. v. Commc'n Workers of America*, 475 U.S. 643, 650 (1986). Accordingly, any doubt over arbitrability here should be decided in favor of arbitration. *Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH*, 585 F.2d 39, 44 (3d Cir. 1978) ("any doubts as to whether an arbitration clause may be interpreted to cover the

asserted dispute should be resolved in favor of arbitration."). Indeed, the Third Circuit has compelled arbitration of a patent infringement lawsuit to determine whether the defendant had a license to certain patents in connection with a prior settlement agreement between the parties. *Medtronic AVE Inc. v. Cordis Corp.*, 367 F.3d 147 (3d Cir. 2004).

C. PLAINTIFF'S PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED BECAUSE **REDACTED**

All requirements of the DUAA and FAA are clearly satisfied here. Both the DUAA and FAA lead to the same result. **REDACTED** An arbitration agreement is judged under the same standards as any other contract. *AppForge, Inc. v. Extended Sys., Inc.*, No. 04-704, 2005 U.S. Dist. LEXIS 5039, at *14 (D. Del. Mar. 28, 2005). Under Delaware law, a contract is formed when there is mutual assent and consideration. *All Pro Maids, Inc. v. Layton*, 2004 Del. Ch. LEXIS 116, at *8-9 (Del. Ch. Aug. 9, 2004).

**REDACTED**

1

*Digene Corp.*, 316 F. Supp.2d at 185 ("In determining whether a claim falls within the scope of an arbitration agreement, the 'focus is on the factual underpinnings of the claim rather than the legal theory alleged in the complaint'"), *quoting Medtronic AVE Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 54 (3d Cir. 2001).

**REDACTED**

Where, as here, **REDACTED** ., a court should dismiss the action in favor of arbitration. *Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 179 (3d Cir. 1998). The Third Circuit has held that if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. *Smith v. Equitable*, 209 F.3d 268, 272 (3d Cir. 2000), *abrogated on other grounds by Green Tree Fin. Corp. – Alabama v. Randolph*, 531 U.S. 79, 86 (2000). Indeed, this Court has dismissed a number of cases where the parties agreed to arbitrate their disputes. *See, e.g., Thornburg*, 2004 U.S. Dist. LEXIS, at *1 (dismissing claims based upon arbitration provision in contract and issuing order compelling arbitration); *Pelegrin v. United States Filter Corp.*, No. 97-390, 1998 U.S. Dist LEXIS 5332, at *12 (D. Del. Mar. 31, 1998) (granting defendant's motion to dismiss and compel arbitration based upon arbitration provision in agreement). *See also Yuen v. Gemstar-TV Guide Int'l, Inc.*, 2004 Del. Ch. LEXIS 96, at *16 (Del. Ch. June 30, 2004) (granting defendant's motion to dismiss and compel arbitration based on arbitration clause).

REDACTED

D. ALTERNATIVELY, THE COURT SHOULD STAY THIS ACTION PENDING ARBITRATION

At a minimum, this action should be stayed pending the completion of arbitration between the parties, REDACTED Where, as here, all claims raised in the Complaint are subject to arbitration, section 3 of the FAA requires a court to stay all aspects of litigation – including discovery, pre-trial proceedings, and trial – pending arbitration. *Corpman v. Prudential-Bache Securities, Inc.*, 907 F.2d 29, 31 (3d Cir. 1990); *Digene Corp.*, 316 F. Supp.2d at 185; *See also Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1370 (Fed. Cir. 2006) ("Section 3 of the FAA provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement."). A stay of proceedings is also appropriate under the DUAA. *Salzman v. Canaan Capital Partners, L.P.*, 1996 Del. Ch. LEXIS 88, at *15-16 (Del. Ch. July 23, 1996).

Accordingly, if the Complaint is not dismissed, Versamed respectfully requests that the Court stay this action in its entirety.

CONCLUSION

For the foregoing reasons, Versamed respectfully requests that the Court dismiss the Complaint, or in the alternative, stay this action in its entirety pending arbitration.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for defendant Versamed Medical Systems, Inc.

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

February 5, 2007
726064.1

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on February 8, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Steven J. Balick
Tiffany Geyer Lydon
ASHBY & GEDDES

I also certify that copies were caused to be served on February 8, 2007, upon the following in the manner indicated:

**BY HAND**

Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden
klouden@mnat.com