IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PULMONETIC SYSTEMS, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 06-564-JJF |
| VERSAMED MEDICAL SYSTEMS, INC., | ) |
| Defendant. | ) |

**ORDER STAYING CASE PENDING ARBITRATION**

WHEREAS Plaintiff Pulmonetic Systems, Inc. ("Pulmonetic") filed the present action on September 12, 2006;

WHEREAS Defendant Versamed Medical Systems, Inc. ("Versamed") filed a motion to dismiss the complaint, or in the alternative, to stay proceedings pending arbitration;

WHEREAS Pulmonetic does not oppose arbitration and requests a stay in the event of arbitration; and

WHEREAS the March 2005 Agreement between the parties (Dkt. 13, Ex. A) provides no mechanism for arbitration;

**IT IS HEREBY ORDERED** that the present case is **STAYED** pursuant to 9 U.S.C. § 3 pending arbitration.

A.   The parties shall arbitrate their dispute as follows:

178450.1

1. The only issues for resolution are the extent of the activities that have been undertaken by Versamed regarding the "old design" since March 2005, and what damages, if any, Pulmonetic is entitled to in view of those activities.

2. The parties will agree that the amount in controversy is between $0 and $200,000, providing that Versamed has ceased all making, using, selling and offering for sale of the "old design" as of March 1, 2007, including but not limited to (1) removing all images showing the "old design" from the Versamed website, and (2) destroying all marketing literature showing the "old design."

3. Neither party will seek attorneys fees. All fees for the arbitration will be divided evenly between the parties.

4. The parties agree to proceed under the AAA's "Commercial Arbitration Rules" subject to changes agreed to in writing by the parties, including those set forth below.

5. The parties will agree to a small amount of discovery limited to the disputed issues. Specifically, both parties will exchange all documents in each party's possession directed to Versamed's activities since March 2005 with respect to the "old design." After review of the documents, should either party believe it necessary, that party can request a 30(b)(6) type witness for a limited deposition directed to Versamed's activities since March 2005 with respect to the "old design."

6. There will be no preliminary hearing under Rule R-20.

7. The case shall proceed on the documents as contemplated in Rule E-6. Pulmonetic shall submit and serve an opening brief not to exceed 30 double-

spaced pages. Versamed shall submit and serve a responsive brief not to exceed 30 double-spaced pages. Pulmonetic shall submit and serve a reply brief not to exceed 10 double-spaced pages. Exhibits and/or declarations shall be attached to the briefing. There will be no expert witnesses.

8. After reviewing the briefing and supporting materials, the arbitrator shall determine whether a hearing is necessary and if so, shall confer with the parties to schedule a hearing. There will be no examination or cross-examination of witnesses at the hearing.

9. The arbitrator shall be asked to decide only the amount of money, if any, Versamed shall pay to Pulmonetic because of Versamed's activities since March 2005 involving the "old design."

10. The parties agree that decision by the arbitrator is binding, and shall be confirmed by the Court. As part of the order of the Court, Versamed will agree to refrain from any infringement of the '083 patent in the future. The Court will retain jurisdiction to enforce this order.

B. The following schedule shall govern the arbitration absent agreement by the parties to the contrary:

| *Action* | *Deadline* |
|---|---|
| Parties exchange list of arbitrators | March 19, 2007 |
| Exchange of all documents relating to manufacturing, marketing and sales information regarding old design | March 19, 2007 |
| Deposition of personally knowledgeable witnesses relating to manufacturing, marketing and sales information regarding old design (if necessary) | By April 13, 2007 |
| Pulmonetic serves opening brief | June 1, 2007 |

| | |
|---|---|
| Versamed serves responsive brief | June 29, 2007 |
| Pulmonetic serves reply brief | July 20, 2007 |
| Hearing (if necessary) | By August 24, 2007 |

C. The parties shall select an arbitrator according to the following methodology:

1. The parties will exchange the names of three potential arbitrators simultaneously.

2. The parties will not contact potential arbitrators ex parte.

3. The parties will attempt to agree on an arbitrator, then jointly contact the agreed-upon arbitrator.

D. In the event that the parties do not agree on an arbitrator by May 1, 2007, the parties shall jointly notify the Court and the Court will appoint an arbitrator.

_____             _____
DATE                                         UNITED STATES DISTRICT JUDGE