IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PULMONETIC SYSTEMS, INC.,

        Plaintiff,

        v.

VERSAMED MEDICAL SYSTEMS, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

**REDACTED PUBLIC
VERSION**

C.A. No. 06-564-JJF

**PLAINTIFF PULMONETIC SYSTEMS, INC.'S ANSWERING BRIEF IN
OPPOSITION TO DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S
MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE,
TO STAY PROCEEDINGS PENDING ARBITRATION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff*

*Of Counsel:*

Jeffrey M. Olson, Esq.
Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6000

Dated: March 2, 2007
178451.1

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................ 1

II.   SUMMARY OF ARGUMENT ....................................................................... 1

III.  BACKGROUND ............................................................................................ 3

IV.   ARGUMENT .................................................................................................. 4

      A.    In The Third Circuit, Dismissal In Favor Of Arbitration Is Not
            Appropriate Where One Party Requests A Stay ..................................... 4

      B.    The Present Case Should Be Stayed Once The Procedure For Conducting
            An Arbitration Is Established.................................................................. 5

V.    CONCLUSION............................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*Artvale, Inc. v. Rugby Fabrics Corp.*
   363 F.2d 1002 (2d Cir. 1966) ................................................................................... 10

*Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*
   757 F.2d 523 (2d Cir. 1985) ...................................................................................... 9

*Dean Witter Reynolds Inc. v. Byrd*
   470 U.S. 213 (1985) ................................................................................................... 2

*Isaacs v. Caterpillar, Inc.*
   702 F. Supp. 711 (C.D. Ill. 1988) .......................................................................... 10

*Lloyd v. Hovensa*
   369 F.3d 263 (3d Cir. 2004) ................................................................................. 4, 5

*Reigel v. Whelan*
   2006 U.S. Dist. LEXIS 2030 (E.D. Wis. 2006) ..................................................... 10

*Roadway Package Sys. v. Kayser*
   257 F.3d 287 (3d Cir. 2001) ..................................................................................... 5

*Schumann v. Lenape Assocs. Builders*
   1997 Del. Super. LEXIS 210 ................................................................................... 9

*Unarce v. Staff Builders, Inc.*
   1993 U.S. Dist. LEXIS 15308 (N.D. Cal. 1993) *aff'd* 1995 U.S. App. LEXIS 20371
   (9th Cir.) (unpub.) ................................................................................................. 10

## I.    INTRODUCTION

The relief Defendant Versamed Medical Systems, Inc. ("Versamed") seeks in its motion to dismiss the complaint, or in the alternative, to stay proceedings pending arbitration, (D.I. 11) is not appropriate.    For the reasons stated herein, Plaintiff Pulmonetic Systems, Inc. ("Pulmonetic") opposes the motion.    Nevertheless, independent of        **REDACTED**

Pulmonetic does not oppose arbitration of this case, and agrees to a stay of the case pending arbitration if a reasonable arbitration procedure can be established.  However, the parties have never agreed to how an arbitration would be conducted or even how an arbitrator would be selected.  Thus, a proposed arbitration procedure is set forth herein.

## II.    SUMMARY OF ARGUMENT

Versamed relies on        **REDACTED**

as the basis for its motion and argues that        **REDACTED**

*See* Affidavit of Jerome B. Korten, Exhibit A at ¶ 7 (D.I. 13).   However, Pulmonetic's complaint alleges, *inter alia*, a claim for patent infringement arising out of activities        **REDACTED**

**REDACTED**        (D.I. 1) ("VersaMed, subsequent to September 4, 2005, has been making, offering for sale, selling, using and/or importing into the United States and otherwise making available products, systems and apparatuses that infringe the '038 Patent in connection with ventilator systems, devices or products, all without the authorization of

1

Pulmonetic.").[1]  Thus, Pulmonetic does not believe that **REDACTED**

applies to the present case, where the complaint is directed to infringing activities that occurred

<u>solely</u> after **REDACTED** Nevertheless,

Pulmonetic favors an efficient and cost-effective resolution of this case, and is willing to agree to

arbitrate its claims under a reasonable arbitration procedure.

Moreover, **REDACTED**

**REDACTED** . Thus, it

would not be appropriate for the Court to merely dismiss or stay the present case and simply

order arbitration with no guidance to the parties.  Although arbitration can be an efficient and

cost-effective manner in which to resolve disputes, it can also be very expensive and time

consuming depending on how it is conducted.  Pulmonetic seeks to avoid a costly and time

consuming arbitration process.[2]  For this reason, as explained more fully below, Pulmonetic

respectfully requests that the Court enter an order setting forth the procedure for arbitrating the

present case.  A proposed order is filed herewith.

Finally, as provided herein, if an arbitration occurs, then the present litigation should be

stayed, and not dismissed as alternatively suggested by Versamed.

---

[1]

**REDACTED**

[2] "[P]assage of the [Federal Arbitration] Act was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985).  A simple order to arbitrate does not advance the purposes of the Act where the parties have not agreed to any procedure or methodology for conducting an arbitration.

### III.  BACKGROUND

Pulmonetic filed the present action for patent infringement on September 12, 2006.  (D.I. 1).  On February 5, 2007, Versamed filed the present motion and concurrently sent a letter notifying Pulmonetic that "it intends to seek to compel arbitration of this matter." Ex. A.  The stated basis for Versamed's motion and its demand for arbitration is              **REDACTED**

**REDACTED**                            Prior to filing the present motion, Versamed made no demand for arbitration and did not notify Pulmonetic that it intended to seek to compel arbitration or that it would be filing the present motion.

Shortly after receiving Versamed's demand for arbitration, Pulmonetic notified Versamed on February 16, 2007 that Pulmonetic did not oppose arbitration.  *See* Ex. B.  (Pulmonetic "will not oppose arbitration and will agree to a stay of the present case pending arbitration, if a procedure for conducting the arbitration is established by the parties or, if necessary, by the Court.").[3]

However,

**REDACTED**

Since February 16, the parties have corresponded in order to attempt to agree on a procedure for arbitration.  Although the parties have reached agreement on many points, others

---

[3] As stated above, Pulmonetic does not agree that          **REDACTED**          addresses and resolves the present situation as alleged in Versamed's statement of facts, nor does Pulmonetic agree with Versamed's characterizations of Pulmonetic's claims in its argument.  Opening Br. at 2-3, 7-8 (D.I. 12).  In this regard, the present complaint states a claim for patent infringement; it is not       **REDACTED**
**REDACTED**    However, because Pulmonetic has agreed to proceed with arbitration, the issue need not be decided by the Court.

remain outstanding. Pulmonetic's most recent proposal, and Versamed's objections, are set forth below.

## IV.    ARGUMENT

As provided above, Pulmonetic respectfully submits that the present patent infringement claim -- that seeks relief for infringement commencing        **REDACTED**

**REDACTED**             -- is not subject to arbitration. Nevertheless, in view of Pulmonetic's position that arbitration is an appropriate mechanism for resolving the parties dispute, the arguments below assume that the issue that needs to be addressed by this Court is the terms of the order establishing the arbitration.

The first issue that is addressed is the status of the litigation while the arbitration is proceeding. Thereafter, Pulmonetic sets forth a procedure for conducting the arbitration.

### A.    In The Third Circuit, Dismissal In Favor Of Arbitration Is Not Appropriate Where One Party Requests A Stay

Although there is a split in the Circuit Courts of Appeals, the Third Circuit has unambiguously held that the Federal Arbitration Act "affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. Hovensa,* 369 F.3d 263, 269 (3d Cir. 2004). "On the contrary, the statute clearly states, without exception, that whenever suit is brought on an arbitrable claim, the Court 'shall' upon application stay the litigation until arbitration has been concluded." *Id.* All of the federal cases cited by Versamed in support of dismissal predate the *Lloyd* decision. Opening Br. at 8 (D.I. 12)[4]

---

[4] Versamed asserts that both the Delaware Uniform Arbitration Act ("DUAA") and the Federal Arbitration Act ("FAA") apply in the present case. Opening Br. at 3-7. However, Versamed takes no position on which governs in the event of a conflict. Although the issue of preemption with respect to the FAA is a complicated one, it is at a minimum clear that a Federal Court will apply federal **procedural** law to **procedural** questions in the absence of an *express* provision in

4

Pulmonetic hereby requests a stay rather than dismissal in the event of arbitration.

Moreover, the *Lloyd* decision devotes several pages to explaining why a stay, rather than dismissal, is appropriate. *Id.* at 269-271. Among the reasons for favoring a stay are many that are directly relevant to the present case, including the fact that "the District Court has a significant role to play under the FAA even in those instances in which the District Court orders the arbitration of all claims" because "[e]ven in those instances, the parties are entitled to seek the Court's assistance during the course of arbitration." *Id.* at 270. "For example, the FAA allows arbitrating parties to return to court for resolution of disputes regarding the appointment of an arbitrator or the filling of an arbitrator vacancy, 9 U.S.C. § 5."

**B.** **The Present Case Should Be Stayed Once The Procedure For Conducting An Arbitration Is Established**

In the present case,                                        **REDACTED**

                              **REDACTED**                                    For this reason, the relief Versamed seeks – simply a dismissal or stay of the present case – is inappropriate where a procedure for conducting an arbitration has not been established.

Pulmonetic does not agree to an open-ended arbitration procedure or one in which an arbitrator is simply appointed then left to craft his or her own procedure with little or no guidance. Such a scenario is likely to result in an expensive and time-consuming arbitration process, defeating the whole purpose of arbitration.

---

an arbitration agreement to the contrary. *See Roadway Package Sys. v. Kayser*, 257 F.3d 287, 297 (3d Cir. 2001) (with regard to procedural issues, "a generic choice-of-law clause, standing alone, raises no inference that contracting parties intended to opt out of the FAA's default regime."). Thus, FAA's requirement of a stay, rather than dismissal, is applicable in the present case.

As provided below, Versamed generally appears to be willing to agree to a simple and inexpensive procedure for conducting the arbitration. Thus, Pulmonetic proposes the following procedure and seeks an order from the Court directing that the arbitration proceed accordingly:

1. The only issues for resolution are the extent of the activities that have been undertaken by Versamed regarding the "old design" since March 2005, and what damages, if any, Pulmonetic is entitled to in view of those activities.

2. The parties will agree that the amount in controversy is between $0 and $200,000, providing that Versamed has ceased all making, using, selling and offering for sale of the "old design" as of March 1, 2007, including but not limited to (1) removing all images showing the "old design" from the Versamed website, and (2) destroying all marketing literature showing the "old design."

3. Neither party will seek attorneys' fees. All fees for the arbitration will be divided evenly between the parties.

4. The parties agree to proceed under the AAA's "Commercial Arbitration Rules" subject to changes agreed to in writing by the parties, including those set forth below.

5. The parties will agree to a small amount of discovery limited to the disputed issues. Specifically, both parties will exchange all documents in each party's possession directed to Versamed's activities since March 2005 with respect to the "old design." After review of the documents, should either party believe it necessary, that party can request a 30(b)(6) type witness for a limited deposition directed to Versamed's activities since March 2005 with respect to the "old design." No other discovery will be permitted.

6.    There will be no preliminary hearing under Rule R-20.

7.    The case shall proceed on the documents as contemplated in Rule E-6. Pulmonetic shall submit and serve an opening brief not to exceed 30 double-spaced pages. Versamed shall submit and serve a responsive brief not to exceed 30 double-spaced pages. Pulmonetic shall submit and serve a reply brief not to exceed 10 double-spaced pages. Exhibits and/or declarations shall be attached to the briefing. There will be no expert witnesses.

8.    After reviewing the briefing and supporting materials, the arbitrator shall determine whether a hearing is necessary and if so, shall confer with the parties to schedule a hearing. There will be no examination or cross-examination of witnesses at the hearing.

9.    The arbitrator shall be asked to decide only the amount of money, if any, Versamed shall pay to Pulmonetic because of Versamed's activities since March 2005 involving the "old design."

10.   The parties agree that decision by the arbitrator is binding, and shall be confirmed by the Court. As part of the order of the Court, Versamed will agree to refrain from any infringement of the '083 patent in the future. The Court will retain jurisdiction to enforce this order.

Additionally, Pulmonetic proposes the following timeline for the arbitration:

| *Action* | *Deadline* |
|---|---|
| Parties exchange list of arbitrators | March 19, 2007 |
| Exchange of all documents relating to manufacturing, marketing and sales information regarding old design | March 19, 2007 |
| Deposition of personally knowledgeable witnesses relating to manufacturing, marketing and sales information regarding old design (if necessary) | By April 13, 2007 |

7

| | |
|---|---|
| Pulmonetic serves opening brief | June 1, 2007 |
| Versamed serves responsive brief | June 29, 2007 |
| Pulmonetic serves reply brief | July 20, 2007 |
| Hearing (if necessary) | By August 24, 2007 |

Versamed proposed that the parties select an arbitrator according to the following methodology (See Ex. C):

1. The parties will exchange the names of three potential arbitrators simultaneously.

2. The parties will not contact potential arbitrators ex parte.

3. The parties will attempt to agree on an arbitrator, then jointly contact the agreed-upon arbitrator.

Pulmonetic does not object to this methodology, provided that the method for conducting the arbitration has been settled. However, Pulmonetic recognizes that this method may not produce an agreed-upon arbitrator. Thus, Pulmonetic proposes that in the event the parties are unable to agree on an arbitrator by May 1, 2007, the Court shall appoint one. Alternatively, Pulmonetic does not object to the Court selecting an arbitrator on its own at the present time pursuant to 9 U.S.C. § 5.

The parties have corresponded over the last several days in an attempt to reach agreement on an arbitration procedure. Versamed has generally agreed with the procedure above, with several exceptions. The primary disagreement concerns Versamed's entirely new proposal to arbitrate new issues that have not previously been asserted as a claim, counterclaim or demand for arbitration. Namely, Versamed seeks to recover damages and/or attorneys fees as a result of Pulmonetic's filing of the present suit.

Pulmonetic believes that Versamed's position is entirely frivolous. First, Versamed has never made a claim or counterclaim seeking damages from Pulmonetic arising from **REDACTED**

**REDACTED** nor has Versamed made a demand for arbitration of such a claim. Thus, there is no claim pending and no need to discuss adding it to the arbitration.

Moreover, such a claim is frivolous and will only serve to add complexity to the arbitration resulting in further expense. Presumably, Versamed's argument is based on one of two theories, neither of which provide Versamed with a basis for recovering damages. The first possible theory is

**REDACTED**

The second possible theory underlying Versamed's new claim is

**REDACTED**

9

Another area of disagreement was over the timing of certain deadlines. Versamed sought to lengthen the time for its briefing and shorten the time for Pulmonetic's briefing.[5] The above proposal reflects Pulmonetic's agreement to Versamed's proposal that it be given 4 weeks to prepare its opposition brief. However, Pulmonetic does not believe that it is appropriate to shorten the time for Pulmonetic's briefing as Versamed proposes, especially where Pulmonetic would be given less time to complete its opening brief than Versamed would be given to oppose.

Finally, Versamed also sought discovery in the form of "a small number of interrogatories, e.g., no more than 5"). Pulmonetic does not object provided that the provision apply mutually.[6]

---

[5] Specifically, Pulmonetic proposed that it be given 7 weeks from the close of discovery to prepare its opening brief, Versamed 3 weeks to oppose, and Pulmonetic 3 weeks to reply. *See* Ex. D. Versamed responded by proposing that Pulmonetic be given 3 weeks from the close of discovery to prepare its opening brief, Versamed 4 weeks to oppose, and Pulmonetic 2 weeks to reply. *See* Ex. E.

[6] Versamed also requested that it be allowed discovery into Pulmonetic's knowledge and belief regarding Versamed's activities since March 2005 with respect to "the old design." Both Pulmonetic's original proposal and the proposal herein provide that Versamed will receive the same access to documents and a 30(b)(6) witness from Pulmonetic on this topic as Pulmonetic will receive from Versamed.

## V.    CONCLUSION

For the foregoing reasons, Pulmonetic respectfully requests that the Court deny Versamed's motion and enter the proposed order filed herewith.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Jeffrey M. Olson
Matthew S. Jorgenson
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
(213) 896-6000

Dated:  March 2, 2007

11

# EXHIBIT A

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

JACK B. BLUMENFELD
302 351 9291
302 425 3012 FAX
jblumenfeld@mnat.com

February 5, 2007

**By Hand**

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899

Re: *Pulmonetic Systems, Inc. v. Versamed Medical Systems, Inc.*
C. A. No. 06-564-JJF

Dear Steve:

Enclosed is a copy of a motion to dismiss (and supporting papers) filed by Versamed in this action today. In addition, Versamed hereby provides notice to Pulmonetic that it intends to seek to compel arbitration of this matter        REDACTED

REDACTED

The only references to allegedly infringing activities        REDACTED
        REDACTED        (1) the use of sales brochures that depicted the old design ventilator patient circuits at the Advanced Technology Applications for Combat Casualty Care conference, and (2) purported sales by United Hospital Supply (Indianapolis Branch). We request that Pulmonetic explain how Versamed's alleged distribution of these sales brochures for the old design ventilator patient circuits        REDACTED        In addition, we request that Pulmonetic provide us with copies of any packaging for the sales of the old design ventilator patient circuits by United Hospital Supply (Indianapolis Branch). Such packaging should have an identification code demonstrating that the old design was manufactured prior to September 4, 2005        REDACTED

Steven J. Balick, Esq.
February 5, 2007
Page -2-

We look forward to hearing from you.

Sincerely,

Jack B. Blumenfeld

/cbh
Enc.
cc:     Steven P. Weihrouch, Esquire (via electronic mail) (w/enc.)
        Jeffrey M. Olsen, Esquire (via electronic mail) (w/enc.)

726066.1

# EXHIBIT B



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| 555 WEST FIFTH STREET | BRUSSELS | HONG KONG | SHANGHAI |
| LOS ANGELES, CA 90013 | CHICAGO | LONDON | SINGAPORE |
| (213) 896 6000 | DALLAS | LOS ANGELES | TOKYO |
| (213) 896 6500 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

FOUNDED 1866

February 16, 2007

Andrew M. Ollis, Esq.                                             <u>VIA PDF</u>
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
1940 Duke Street
Alexandria, Virginia 22314

  Re: Pulmonetic Systems, Inc. v. Versamed Medical Systems, Inc.
     <u>Case No. 06-CV-564</u>

Dear Andrew:

   I write in regard to Versamed's motion to dismiss the complaint, or in the alternative, to stay proceedings pending arbitration. We believe the motion has no merit because the relief sought, merely a stay or a dismissal, is inappropriate if a procedure for conducting an arbitration has not been established. However, we will not oppose arbitration and will agree to a stay of the present case pending arbitration, if a procedure for conducting the arbitration is established by the parties or, if necessary, by the Court.

   This is particularly necessary here because, as you are aware,  **REDACTED**
      **REDACTED**      Our goal, as stated previously, is to resolve this matter in an inexpensive, expeditious and fair manner. Consistent with that goal, Pulmonetic proposes that the parties utilize the International Institute for Conflict Prevention and Resolution and its Rules for Non-Administered Arbitration, which can be found at http://www.cpradr.org/pdfs/arb-rules2005.pdf. Among other ways to minimize expense, we propose that a sole arbitrator be utilized. More information about the non-administered arbitration process and the International Institute for Conflict Prevention and Resolution can be found at http://www.cpradr.org.

   We plan to oppose the motion as filed, but nevertheless advise the Court of our proposal herein in our response to your motion on Tuesday, February 20. Please advise whether our proposal is acceptable to Versamed so that we may advise the Court appropriately. If you are generally agreeable to this approach, but believe that more time is necessary to consider, I

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Andrew M. Ollis, Esq.
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
February 16, 2007
Page 2

suggest that the parties agree that the opposition be deferred for a short period of time while the parties attempt to establish a mutually agreeable arbitration procedure.

Sincerely,

Jeffrey M. Olson

JMO:ng

cc:    Jack B. Blumenfeld, Esq. (via PDF)
       Steven J. Balick, Esq. (via PDF)

# EXHIBIT C

# CONFIRMATION

**OBLON**

**SPIVAK**

**McCLELLAND**

**MAIER**
&
**NEUSTADT**

P.C.

ATTORNEYS AT LAW

ANDREW M. OLLIS
(703) 412-7023
AOLLIS@OBLON.COM

February 22, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

Jeffrey M. Olson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA  90013

Re:   *Pulmonetic Systems, Inc. v. Versamed Medical Systems, Inc.*
       *C.A. NO. 06-564-JJF*

Dear Jeff:

I am writing in response to your February 16, 2007 letter regarding arbitration. Versamed is willing to go forward with a single arbitrator as you have proposed, but we do not agree to use the International Institute for Conflict Prevention and Resolution ("CPR") for the arbitration. We are not familiar with that organization and would prefer to utilize the American Arbitration Association ("AAA").

As far as the procedure for selecting an arbitrator, we propose that the parties exchange the names of three potential arbitrators simultaneously on Monday, February 26. We further propose that the parties agree not to contact any of the potential arbitrators ex parte. Instead, after the parties provide comments on the proposed arbitrators, and assuming agreement can be reached as to one of the proposed arbitrators, the parties will jointly contact the selected arbitrator.

Please let me know if our proposal is acceptable to Pulmonetic, if you need any further information, or if you would like to discuss this issue further.

Sincerely,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Andrew M. Ollis

AMO:vb
cc:   Steven J. Balick, Esquire (via electronic mail)
      Jack B. Blumenfeld, Esquire (via electronic mail)

# EXHIBIT D



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| 555 WEST FIFTH STREET | BRUSSELS | HONG KONG | SHANGHAI |
| LOS ANGELES, CA 90013 | CHICAGO | LONDON | SINGAPORE |
| (213) 896 6000 | DALLAS | LOS ANGELES | TOKYO |
| (213) 896 6600 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

FOUNDED 1866

February 23, 2007

Andrew M. Ollis, Esq.                                                    <u>VIA PDF</u>
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
1940 Duke Street
Alexandria, Virginia 22314

     Re:    Pulmonetic Systems, Inc. v. Versamed Medical Systems, Inc.
           <u>Case No. 06-CV-564</u>

Dear Andrew:

     I am writing in response to your February 22 letter regarding arbitration.

     As you are no doubt aware, arbitration can be an expensive undertaking when filing and administrative fees and the fees of the arbitrator are taken into account, particularly if the arbitrator is heavily involved in administering the details of the arbitration as contemplated under the AAA rules. Thus, we would prefer avoiding the AAA altogether. Below we suggest a specific procedure that will be followed to minimize the complexity and expense of the arbitration. Additionally, we do not object to your proposal for selecting an arbitrator, but suggest that the exchange of names occur some time after the parties have agreed to an arbitration procedure.

     Our proposal is as follows:

1.     The only issues for resolution are the extent of the activities that have been undertaken by Versamed regarding the "old design" since March 2005, and what damages, if any, Pulmonetics is entitled to in view of those activities.

2.     The parties will agree that the amount in controversy is between $0 and $200,000, providing that Versamed has ceased all making, using, selling and offering for sale of the "old design" as of March 1, 2007, including but not limited to (1) removing all images showing the "old design" from the Versamed website, and (2) destroying all marketing literature showing the "old design."

3.     Neither party will seek attorneys fees. All fees for the arbitration will be divided evenly between the parties.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

# SIDLEY
SIDLEY AUSTIN LLP

Andrew M. Ollis, Esq.
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
February 23, 2007
Page 2

4.    The parties agree to proceed under the AAA's "Commercial Arbitration Rules" subject to changes agreed to in writing by the parties, including those set forth below.

5     The parties will agree to a small amount of discovery limited to the disputed issues. Specifically, the parties will exchange all documents directed to Versamed's activities since March 2005 with respect to the "old design." After review of the documents, should either party believe it necessary, that party can request a 30(b)(6) type witness for a limited deposition directed to Versamed's activities since March 2005 with respect to the "old design." No other discovery will be permitted.

6.    There will be no preliminary hearing under Rule R-20.

7.    The case shall proceed on the documents as contemplated in Rule E-6. Pulmonetic shall submit and serve an opening brief not to exceed 30 double-spaced pages. Versamed shall submit and serve a responsive brief not to exceed 30 double-spaced pages. Pulmonetic shall submit and serve a reply brief not to exceed 10 double-spaced pages. Exhibits and/or declarations shall be attached to the briefing. There will be no expert witnesses.

8.    After reviewing the briefing and supporting materials, the arbitrator shall determine whether a hearing is necessary and if so, shall confer with the parties to schedule a hearing. There will be no examination or cross-examination of witnesses at the hearing.

9.    The arbitrator shall be asked to decide only the amount of money, if any, Versamed shall pay to Pulmonetic because of Versamed's activities since March 2005 involving the "old design."

10.   The parties agree that decision by the arbitrator is binding, and shall be confirmed by the Court. As part of the order of the Court, Versamed will agree to refrain from any infringement of the '511 patent in the future. The Court will retain jurisdiction to enforce this order.



Andrew M. Ollis, Esq.
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
February 23, 2007
Page 3

Additionally, we propose the following timeline for the arbitration:

| *Action* | *Deadline* |
|---|---|
| Parties exchange list of arbitrators | March 19, 2007 |
| Exchange of all documents relating to manufacturing, marketing and sales information regarding old design | March 19, 2007 |
| Deposition of personally knowledgeable witnesses relating to manufacturing, marketing and sales information regarding old design (if necessary) | By April 13, 2007 |
| Pulmonetic serves opening brief | June 1, 2007 |
| Versamed serves responsive brief | June 22, 2007 |
| Pulmonetic serves reply brief | July 13, 2007 |
| Hearing (if necessary) | By August 17, 2007 |

Please advise whether the above proposal is acceptable to Versamed. If we cannot reach agreement, we will ask that the District Court adopt this or a similar arbitration procedure or, alternatively, to deny your motion in its entirety.

Sincerely,

Jeffrey M. Olson

JMO/ng

cc:     Jack B. Blumenfeld, Esq. (via PDF)
        Steven J. Balick, Esq. (via PDF)

# EXHIBIT E

**OBLON**

**SPIVAK**

**McCLELLAND**

**MAIER**

**&**

**NEUSTADT**

P.C.

ATTORNEYS AT LAW

ANDREW M. OLLIS
(703) 412-7023
AOLLIS@OBLON.COM

February 27, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

Jeffrey M. Olson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

> Re:  *Pulmonetic Systems, Inc. v. Versamed Medical Systems, Inc.*
> *C.A. NO. 06-564-JJF*

Dear Jeff:

This responds to your February 23, 2007 letter regarding arbitration. Our response follows to each of your points by number.

1.  In addition to the two issues you have identified for resolution by the arbitrator, the other issues for resolution by the arbitrator are

    **REDACTED**

2.  We agree with your proposal that the amount in controversy is between $0 and $200,000.00.

3.  We will be seeking our attorneys' fees. In this regard, we will be seeking the fees that we incurred in the district court due to Pulmonetic's **REDACTED** **REDACTED** We will also seek our fees in the arbitration if, as we believe, Pulmonetic did not have a good faith basis for alleging **REDACTED**

4.  Agreed.

5.  Agreed, except that Pulmonetic will produce all documents and information (in addition to documents, we would propose a small number of interrogatories, e.g., no more than 5) related to its knowledge and belief regarding Versamed's activities since March 2005 with respect to the "old design," and the basis for Pulmonetic's assertion of infringement and/or **REDACTED** After review of the documents and information, Versamed will be permitted to take a single 30(b)(6) deposition related to the documents and information.

Jeffrey M. Olson, Esq.
SIDLEY AUSTIN, LLP
Case No. 06-CV-564
February 27, 2007
Page 2



6.   The parties agree that no preliminary hearing is necessary.  However, to the extent that it would be helpful to the arbitrator, the parties are willing to participate in an initial telephone conference to discuss the future conduct of the arbitration.

7.   Agreed, except that the case should proceed on the documents and other information (interrogatories and 30(b)(6) testimony if applicable).  Also, Pulmonetic's reply brief shall be limited to the issues raised in Versamed's responsive brief (i.e., no new issues).  In addition, if Versamed should claim damages in its responsive brief, Pulmonetic's reply can be up to 30 pages, and Versamed will have up to 10 pages in a final brief directed only to such counterclaims.

8.   Agreed.

9.   The arbitrator shall also be asked to decide the amount of money, if any, Pulmonetic will be required to pay for Versamed's attorneys' fees or other damage        **REDACTED**

10.  Agreed that the decision of the arbitrator shall be binding, and shall be confirmed by the Court.  Otherwise, disagreed since the '511 patent dispute is unrelated to the arbitration.

In addition, we propose amending your arbitration timeline as follows:

| | *Action* | *Deadline* |
|---|---|---|
| 1. | Parties to exchange list of three potential arbitrators | March 12, 2007 |
| 2. | Parties to agree on arbitrator | By March 19, 2007 |
| 3. | Parties to exchange all documents relating to manufacturing, marketing and sales information regarding old design and Pulmonetic's knowledge and belief regarding Versamed's activities since March 2005 with respect to the old design | March 19, 2007 |
| 4. | Parties to serve interrogatories | March 26, 2007 |
| 5. | Parties to serve responses to interrogatories | April 10, 2007 |

Jeffrey M. Olson, Esq.
SIDLEY AUSTIN, LLP
Case No. 06-CV-564
February 27, 2007
Page 3

OBLON
SPIVAK
McCLELLAND
MAIER
&
NEUSTADT
P.C.

| | Action | Deadline |
|---|---|---|
| 6. | Depositions of personally knowledgeable witnesses relating to manufacturing, marketing and sales information regarding old design and Pulmonetic's knowledge and belief regarding Versamed's activities since March 2005 with respect to the old design (if necessary) | By April 20, 2007 |
| 7. | Pulmonetic to serve opening brief | May 11, 2007 |
| 8. | Versamed to serve responsive brief | June 8, 2007 |
| 9. | Pulmonetic to serve reply brief | June 22, 2007 |
| 10. | Versamed to serve surreply brief | July 2, 2007 |
| 11. | Hearing (if necessary) | July 20, 2007 |

Please let me know if this modified proposal is acceptable to Pulmonetic, or if you would like to discuss this issue further.

Sincerely,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Andrew M. Ollis

AO:vb

cc:   Steven J. Balick, Esquire (via electronic mail)
      Jack B. Blumenfeld, Esquire (via electronic mail)

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2007, the attached **REDACTED PUBLIC VERSION OF PLAINTIFF PULMONETIC SYSTEMS, INC.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING ARBITRATION** was served upon the below-named counsel of record at the addresses and in the manner indicated:

Jack B. Blumenfeld, Esquire                               HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Steven P. Weihrouch, Esquire                            VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier
  & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

                                        /s/ John G. Day
                                        _____
                                        John G. Day

176677.1