IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PULMONETIC SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-564 (JJF) |
| | ) | |
| VERSAMED MEDICAL SYSTEMS, INC. | ) | **REDACTED** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
THE COMPLAINT, OR IN THE ALTERNATIVE,
<u>TO STAY PROCEEDINGS PENDING ARBITRATION</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for defendant Versamed
  Medical Systems, Inc.

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

Original Filing Date:  March 9, 2007
Redacted Filing Date:  March 15, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ......................................................................................................................1

I. THE ARBITRATOR SHOULD DECIDE WHETHER VERSAMED MAY
   RECOVER ITS ATTORNEYS' FEES ...........................................................................2

II. THE COURT SHOULD NOT ALLOW **REDACTED**
    **REDACTED** UNDER THE GUISE OF ESTABLISHING
    "ARBITRATION PROCEDURES" ................................................................................3

III. THE COURT SHOULD ALLOW THE ARBITRATOR TO ESTABLISH
     THE APPROPRIATE ARBITRATION PROCEDURES, OR IN THE
     ALTERNATIVE, ADOPT THE FOLLOWING PROCEDURES ...................................4

CONCLUSION ............................................................................................................................7

# **TABLE OF AUTHORITIES**

Cases

*Johnson v. West Suburban Bank*,
    225 F.3d 366 (3d Cir. 2000)      2

*Kane Gas Light & Heating Co. v. Int'l Brotherhood of Firemen
    and Oilers, Local 112*,
    687 F.2d 673 (3d Cir. 1982)      2

INTRODUCTION

Plaintiff Pulmonetic Systems, Inc. ("Pulmonetic") argues that Versamed's motion "to dismiss the complaint or in the alternative, to stay proceedings pending arbitration . . . is not appropriate." D.I. 17 at 1. Nevertheless, Pulmonetic "agrees to a stay of the case pending arbitration if a reasonable arbitration procedure can be established."[1] *Id.* Thus, Pulmonetic's opposition only raises two issues: (1) whether this case should be stayed or dismissed; and (2) what procedures the arbitration should follow.

Regarding the first issue, Versamed is willing to agree to stay this case pending completion of the arbitration. Accordingly, the only issue remaining for the Court to decide is what procedures the arbitration should follow.

Pulmonetic is correct that Versamed is "willing to agree to a simple and inexpensive procedure for conducting the arbitration." *Id.* at 6. Further, Versamed generally agrees with much of the broad outline for arbitration that Pulmonetic proposes. The parties disagree as to (1) whether Versamed should be allowed to present its counterclaims **REDACTED** (which includes its ability to recover its attorneys' fees), and (2) whether Pulmonetic **REDACTED** **REDACTED** under the guise of establishing "arbitration procedures."

---

[1]  Pulmonetic protests against arbitration for four pages, then concedes arbitration is appropriate. D.I. 17 at 1-4. Pulmonetic concludes that whether the **REDACTED** need not be decided by the Court." *Id.* at 3 n.3. Thus, there is no need for Versamed to respond to Pulmonetic's arguments in this regard.

1

I.   THE ARBITRATOR SHOULD DECIDE WHETHER VERSAMED MAY RECOVER ITS ATTORNEYS' FEES

Pulmonetic admits that Versamed may recover its attorneys' fees if there was "bad faith by [Pulmonetic in] bringing the suit." D.I. 17 at 9. Although Pulmonetic may believe that that "exception [does not] appl[y] to the present case," *id.*, Versamed **REDACTED** does not agree. Pulmonetic had no basis to bring suit because Versamed **REDACTED** Indeed, Versamed requested that Pulmonetic specifically identify its factual basis for bringing suit, and Pulmonetic was unable to identify any activities other **REDACTED** If Versamed can prove this bad faith to the arbitrator, it would be proper for the arbitrator to grant Versamed its attorneys' fees.[2] Pulmonetic provides no basis for the Court to limit the arbitrator's authority and ability to decide issues relating to this case, including attorneys' fees. Thus, the Court should not deprive the arbitrator of that authority *ex ante* because there is nothing **REDACTED** **REDACTED** *See Kane Gas Light & Heating Co. v. Int'l Brotherhood of Firemen and Oilers, Local 112*, 687 F.2d 673, 683 (3d Cir. 1982) (agreeing that the arbitrator could have awarded attorneys' fees if "the losing party litigated in bad faith, vexatiously, or for oppressive reasons"); *Johnson v. West Suburban Bank*, 225 F.3d 366, 375 (3d Cir. 2000) (determining that arbitrators may award attorneys' fees to the same extent as district courts).

---

[2]   Pulmonetic's argument that "Versamed has never made a claim or counterclaim" for its attorneys' fees is baseless. D.I. 17 at 8. Such a claim would have been made as part of Versamed's Answer/Counterclaim. Versamed never filed any such pleading; instead, it filed the instant motion to dismiss or stay. Further, Versamed does not understand Pulmonetic's statement that "Versamed [has not] made a demand for arbitration of such a claim." *Id.* at 9.

2

## II. THE COURT SHOULD NOT ALLOW PULMONETIC **REDACTED** UNDER THE GUISE OF ESTABLISHING "ARBITRATION PROCEDURES"

**REDACTED**         **REDACTED**

**REDACTED**         **REDACTED**

In the second paragraph of its proposed "arbitration procedures," Pulmonetic contends that it may recover for Versamed's activities after March 1, 2007, if those activities include "using, selling and offering for sale of [*sic*] the 'old design,' . . . including but not limited to (1) removing all images showing the 'old design' from the Versamed website, and (2) destroying all marketing literature showing the 'old design.'" D.I. 17 at 6.    **REDACTED**         **REDACTED**

**REDACTED**    **REDACTED**

There is simply no basis for Pulmonetic    **REDACTED**

- **REDACTED**    Thus, the Court should not allow Pulmonetic to insert its new language    **REDACTED**    as part of its proposed "arbitration procedures."

Similarly, Pulmonetic contends in paragraph 10 of its proposed "arbitration procedures" that "[a]s part of the order of the Court, Versamed will agree to refrain from any infringement of the '038 patent in the future. The Court will retain

3

jurisdiction to enforce this order." D.I. 17 at 7. But that is not an "arbitration procedure;" rather, it is an attempt by Pulmonetic . **REDACTED** **REDACTED** with contempt proceedings in front of the Court.

Versamed never has and never will infringe the '038 patent, but that has not stopped Pulmonetic from twice commencing suit against Versamed. **REDACTED**

**REDACTED**          **REDACTED**          **REDACTED**

**REDACTED**

**REDACTED**

between the parties by using the contempt powers of the Court. Thus, the Court should reject Pulmonetic's "back-door" attempt to use its proposed "arbitration procedures" **REDACTED**

**REDACTED**

III. THE COURT SHOULD ALLOW THE ARBITRATOR TO ESTABLISH THE APPROPRIATE ARBITRATION PROCEDURES, OR IN THE ALTERNATIVE, ADOPT THE FOLLOWING PROCEDURES

In its opposition, Pulmonetic proposed ten steps for the Court to order the arbitrator to use. Versamed does not believe that such "micro-managing" of the arbitration is necessary, as a competent arbitrator is fully capable of establishing the procedures the arbitrator wishes to use for the arbitration.

If the Court is nonetheless inclined to establish the procedures to be used for the arbitration, Versamed respectfully requests certain modifications to Pulmonetic's proposed procedures. Versamed will use the ten steps proposed by Pulmonetic as its starting point with certain necessary modifications. (For the Court's convenience,

4

Versamed has also included, as Exhibit A, a chart comparing the proposals of Pulmonetic and Versamed, along with a brief statement regarding why the Court should utilize Versamed's proposal.)

   1. The arbitrator will decide (1) the extent of the activities that have been undertaken by Versamed regarding the "old design," and what damages, if any, Pulmonetic is entitled to in view of those activities; (2) whether (a) Pulmonetic had a good faith basis for alleging that Versamed infringed the '038 patent **REDACTED** **REDACTED** **REDACTED** and if so, the damages, if any, to which Versamed is entitled.[3]

   2. The parties will agree that the amount in controversy is between $0 and $200,000, provided that Versamed has ceased all making of the "old design" as of March 1, 2007.

   3. Versamed may seek its attorneys' fees. The arbitrator's fees will be divided evenly between the parties.

   4. The parties agree to proceed under the AAA's "Commercial Arbitration Rules" subject to changes agreed to in writing by the parties, including those set forth below. (This provision is unchanged from Pulmonetic's proposal.)

   5. The parties will agree to a small amount of discovery limited to the disputed issues. Specifically, both parties will exchange all documents in each party's possession directed to Versamed's activities since March 2005 with respect to the "old

---

[3] **REDACTED** **REDACTED**

5

design" and the basis for Pulmonetic's assertion of infringement **REDACTED**

**REDACTED** After review of the documents, should either party believe it necessary, that party can request a 30(b)(6) type witness for a limited deposition directed to the topics discussed in the previous sentence. In addition to documents, each party may propound up to five interrogatories. No other discovery will be permitted.[4]

6. There will be no preliminary hearing under AAA Rule R-20. To the extent that it would be helpful to the arbitrator, however, the parties are willing to participate in an initial telephone conference to discuss the future conduct of the arbitration.

7. The case shall proceed on the documents as contemplated by AAA Rule E-6. Pulmonetic shall submit and serve an opening brief not to exceed 30 double-spaced pages. Versamed shall submit and serve a responsive brief not to exceed 30 double-spaced pages. Pulmonetic shall submit and serve a reply brief not to exceed 10 double-spaced pages. Exhibits and/or declarations shall be attached to the briefing. There will be no expert witnesses. In addition, if Versamed should claim damages in its responsive brief, Pulmonetic's reply may be up to 30 pages, and Versamed will have up to 10 pages in a final brief directed only to such counterclaims.

8. After reviewing the briefing and supporting materials, the arbitrator shall determine whether a hearing is necessary and if so, shall confer with the

---

[4] Although Pulmonetic did not list interrogatories in its proposed steps, it did agree to interrogatories, provided that each side receives the same number. D.I. 17 at 10. Pulmonetic also appears to have agreed to allow Versamed to take discovery regarding Pulmonetic's basis for filing suit against Versamed. *Id.* at n.6.

parties to schedule a hearing. There will be no examination or cross-examination of witnesses at the hearing. (This provision is unchanged from Pulmonetic's proposal.)

9. The arbitrator shall decide the amount of money, if any, Versamed shall pay to Pulmonetic because of Versamed's activities since March 2005 involving the "old design." The arbitrator shall also decide the amount of money, if any, Pulmonetic will be required to pay for Versamed's attorneys' fees or other damages for **REDACTED REDACTED**

10. The parties agree that the decision by the arbitrator is binding, and shall be confirmed by the Court.

With respect to the schedule, Versamed agrees that Pulmonetic may have the same time to file its opening brief that Versamed receives to file its response brief. (*See* D.I. 17 at 10.) The actual dates, however, should be supplied by the arbitrator.

Finally, Versamed agrees with Pulmonetic that the Court should assign an arbitrator if the parties, using the method that Versamed suggested, have not reached agreement regarding an arbitrator by May 1, 2007. *See id.* at 8.

## CONCLUSION

For the foregoing reasons, Versamed respectfully requests that the Court (1) stay the case, (2) designate an arbitrator if the parties can not agree on an arbitrator by May 1, 2007, and (3) allow the arbitrator to establish arbitration procedures, or in the alternative, order the arbitration to proceed according to the procedures outlined above.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

---
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   Attorneys for defendant Versamed
   Medical Systems, Inc.

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

March 9, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 15, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick
>Tiffany Geyer Lydon
>ASHBY & GEDDES

I also certify that copies were caused to be served on March 15, 2007, upon the following in the manner indicated:

**BY HAND**

>Steven J. Balick
>Tiffany Geyer Lydon
>Ashby & Geddes
>222 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899

>/s/ *Karen Jacobs Louden*
>Karen Jacobs Louden
>klouden@mnat.com

# EXHIBIT A

## EXHIBIT A

| Pulmonetic's Proposal | Versamed's Proposal | Reason for Change |
|---|---|---|
| The only issues for resolution are the extent of the activities that have been undertaken by Versamed regarding the "old design" since March 2005, and what damages, if any, Pulmonetic is entitled to in view of those activities. | The arbitrator will decide (1) the extent of the activities that have been undertaken by Versamed regarding the "old design" since March 2005, and what damages, if any, Pulmonetic is entitled to in view of those activities; (2) whether (a) Pulmonetic had a good faith basis for alleging that Versamed infringed the '038 patent **REDACTED** ; and if so, the damages, if any, to which Versamed is entitled. | Both parties are entitled to arbitration **REDACTED** |
| The parties will agree that the amount in controversy is between $0 and $200,000, providing that Versamed has ceased all making, using, selling and offering for sale of the "old design" as of March 1, 2007, including but not limited to (1) removing all images showing the "old design" from the Versamed website, and (2) destroying all marketing literature showing the "old design." | The parties will agree that the amount in controversy is between $0 and $200,000, provided that Versamed has ceased all making of the "old design" as of March 1, 2007. | **REDACTED** Pulmonetic's additional language is unwarranted. |
| Neither party will seek attorneys' fees. All fees for the arbitration will be divided evenly between the parties. | Versamed may seek its attorneys' fees. The arbitrator's fees will be divided evenly between the parties. | As discussed *supra*, the arbitrator should award Versamed its attorneys' fees, if Versamed can prove that Pulmonetic brought this action in bad faith. |
| The parties agree to proceed under the AAA's "Commercial Arbitration Rules" subject to changes agreed to in writing by the parties, including those set forth below. | N/A | No Change. |

i

| Pulmonetic's Proposal | Versamed's Proposal | Reason for Change |
|---|---|---|
| The parties will agree to a small amount of discovery limited to the disputed issues. Specifically, both parties will exchange all documents in each party's possession directed to Versamed's activities since March 2005 with respect to the "old design." After review of the documents, should either party believe it necessary, that party can request a 30)(b)(6) type witness for a limited deposition directed to Versamed's activities since March 2006 with respect to the "old design." No other discovery will be permitted. | The parties will agree to a small amount of discovery limited to the disputed issues. Specifically, both parties will exchange all documents in each party's possession directed to Versamed's activities since March 2005 with respect to the "old design" and the basis for Pulmonetic's assertion of infringement **REDACTED REDACTED**  After review of the documents, should either party believe it necessary, that party can request a 30(b)(6) type witness for a limited deposition directed to the topics discussed in the previous sentence. In addition to documents, each party may propound up to five interrogatories. No other discovery will be permitted. | Pulmonetic appears to have agreed to the two minor changes that Versamed proposes here. First, although Pulmonetic did not list interrogatories as part of discovery, it did agree to interrogatories, provided that each side receives the same number. D.I. 17 at 10. Second, Pulmonetic also appears to have agreed to allow Versamed to take discovery regarding Pulmonetic's basis for filing suit against Versamed. *Id.* at n.6. |
| There will be no preliminary hearing under Rule R-20. | There will be no preliminary hearing under AAA Rule R-20. To the extent that it would be helpful to the arbitrator, however, the parties are willing to participate in an initial telephone conference to discuss the future conduct of the arbitration. | If the arbitrator requests a conference call in lieu of a hearing, that would not be unduly burdensome for the parties. |
| The case shall proceed on the documents as contemplated in Rule E-6. Pulmonetic shall submit and serve an opening brief not to exceed 30 double-spaced pages. Versamed shall submit and serve a responsive brief not to exceed 30 double-spaced pages. Pulmonetic shall submit and serve a reply brief not to exceed 10 double-spaced pages. Exhibits and/or declarations shall be attached to the briefing. There will be no | The case shall proceed on the documents as contemplated by AAA Rule E-6. Pulmonetic shall submit and serve an opening brief not to exceed 30 double-spaced pages. Versamed shall submit and serve a responsive brief not to exceed 30 double-spaced pages. Pulmonetic shall submit and serve a reply brief not to exceed 10 double-spaced pages. Exhibits and/or declarations shall be attached to the briefing. There will be no expert witnesses. In addition, if Versamed should claim damages in its responsive brief, Pulmonetic's reply may be up to 30 pages, and | Pulmonetic's proposed schedule does not allow for briefing on Versamed's counterclaims. Thus, Versamed modified the briefing schedule to include briefing for Versamed's counterclaims. |

| Pulmonetic's Proposal | Versamed's Proposal | Reason for Change |
|---|---|---|
| expert witnesses. | Versamed will have up to 10 pages in a final brief directed only to such counterclaims. | |
| After reviewing the briefing and supporting materials, the arbitrator shall determine whether a hearing is necessary and if so, shall confer with the parties to schedule a hearing. There will be no examination or cross-examination of witnesses at the hearing. | N/A | No Change. |
| The arbitrator shall be asked to decide only the amount of money, if any, Versamed shall pay to Pulmonetic because of Versamed's activities since March 2005 involving the "old design." | The arbitrator shall decide the amount of money, if any, Versamed shall pay to Pulmonetic because of Versamed's activities since March 2005 involving the "old design." The arbitrator shall also decide the amount of money, if any, Pulmonetic will be required to pay for Versamed's attorneys' fees or other damages for<br><br>**REDACTED** | Pulmonetic's proposal improperly does not allow the arbitrator to award damages for Versamed's counterclaims. |
| The parties agree that decision by the arbitrator is binding, and shall be confirmed by the Court. As part of the order of the Court, Versamed will agree to refrain from any infringement of the '083 patent in the future. The Court will retain jurisdiction to enforce this order. | The parties agree that the decision by the arbitrator is binding, and shall be confirmed by the Court. | As discussed *supra*, any future disputes between the parties must be resolved by **REDACTED** not by contempt proceedings in the Court. |

iii

# EXHIBIT B

**OBLON**
**SPIVAK**
**McCLELLAND**
**MAIER**
**&**
**NEUSTADT**
P.C.

March 7, 2007

ATTORNEYS AT LAW

ANDREW M. OLLIS
(703) 412-7023
AOLLIS@OBLON.COM

VIA E-MAIL AND FIRST CLASS MAIL

Jeffrey M. Olson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

Re: *Pulmonetic Systems, Inc. v. Versamed Medical Systems, Inc.*
C.A. NO. 06-564-JJF

Dear Jeff:

On March 2, 2007, Pulmonetic publicly filed its Answering Brief in opposition to Versamed's motion to dismiss or stay. Pulmonetic's Answering Brief contains repeated quotations from and references **REDACTED** **REDACTED**

**REDACTED**

immediately take appropriate action       Versamed hereby requests that Pulmonetic

**REDACTED**

Sincerely,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

*Andrew M. Ollis*

Andrew M. Ollis

AO:EWS/hs

cc: Steven J. Balick, Esquire (via electronic mail)
Jack B. Blumenfeld, Esquire (via electronic mail)