IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PULMONETIC SYSTEMS, INC.       :
                               :
        Plaintiff,             :
                               :
    v.                         :   Civil Action No. 06-564-JJF
                               :
VERSAMED MEDICAL SYSTEMS, INC. :
                               :
        Defendant.             :

### MEMORANDUM ORDER

Pending before the Court is a Motion to Dismiss the Complaint Or, In The Alternative, To Stay Proceedings Pending Arbitration (D.I. 11) filed by Defendant, Versamed Medical Systems, Inc. ("Versamed"). Pursuant to their briefing, the parties have reached agreement that this case should be stayed pending completion of arbitration. Accordingly, the only issue remaining for the Court is the determination of what procedures the arbitration should follow, and whether Versamed is entitled to pursue recovery of attorneys' fees.

In June 2004, Pulmonetic filed an action against Versamed and Versamed, Inc. in the United States District Court for the District of Minnesota entitled <u>Pulmonetic Systems, Inc. v. VersaMed, Inc. et al.</u>, Case No. 04-02918. Pulmonetic alleged infringement of its U.S. Patent No. 6,102,038. The 2004 litigation was settled pursuant to a settlement agreement executed March 3, 2005 (the "2005 Settlement Agreement"), and was

1

dismissed by Order dated March 18, 2005.

Under the terms of the 2005 Settlement Agreement, Pulmonetic granted Versamed and Versamed, Inc. a license and a covenant not to sue with respect to claims 11-13 of the '038 patent for any ventilator patient circuits made by Versamed prior to September 4, 2005. The 2005 Settlement Agreement also provides that "any disputes concerning this agreement will be resolved by arbitration between the parties rather than legal action in the courts," and that the agreement shall be construed in accordance with the laws of the State of Delaware. (D.I. 12 at 3.) The 2005 Settlement Agreement does not provide a procedure for conducting an arbitration, or explicitly allow for the award of attorneys' fees.

After considering the parties' contentions, and reviewing the 2005 Settlement Agreement, the Court will allow the arbitrator to establish the governing arbitration procedures, subject to review by the Court. See, e.g., Pettinaro Const. Co. v. Harry C. Partridge, Etc., 408 A.2d 957, 963 (Del.Ch. 1979) ("[j]udicial policy is against dividing disputes into substantive and procedural aspects to be determined partly by arbitrators and partly by courts."). Because the 2005 Settlement Agreement does not provide for attorneys' fees, the Court is inclined to require the parties to bear their own fees and costs. However, consistency to the legal principles applied to the appropriate

procedures, the Court will require the arbitrator to determine if an award of attorneys' fees is warranted.

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Defendant's Motion To Dismiss The Complaint Or, In The Alternative, To Stay Proceedings Pending Arbitration (D.I. 11) is **DENIED** to the extent it seeks to dismiss the action, and **GRANTED** to the extent it requests a stay of the action.

2. The present case is **STAYED** pursuant to 9 U.S.C. § 3 pending arbitration.

3. In the event the parties do not agree on an arbitrator by **June 10, 2008**, the parties shall notify the Court and the Court will appoint an arbitrator.

4. The arbitrator chosen by the parties, or appointed by the Court if necessary, will establish the appropriate arbitration procedures, set a governing schedule and determine the proper scope of the arbitration, including whether an award of attorneys' fees is appropriate.

April 28, 2008
DATE

UNITED STATES DISTRICT JUDGE